Tom **MERCHANT**, Plaintiff,

v.

Dr. **William T. KRING**,
D.D.S., Defendant.

No. CIV. A. 96–1152.

United States District Court,
W.D. Pennsylvania.

Feb. 8, 1999.

Samuel J. Cordes, Karen Engro, Pittsburgh, PA, for Plaintiff.

Francis Garger, Pittsburgh, PA, for Defendant.

### MEMORANDUM ORDER

ZIEGLER, Chief Judge.

AND NOW, this 8th day of February, 1999, after consideration of the motion (doc. no. 64) of defendant, William T. Kring, D.D.S. ("Dr. Kring" or "Kring"), for summary judgment, and the parties' written submissions,

IT IS ORDERED that defendant's motion shall be and hereby is denied for the following reasons:

(1) Plaintiff, Thomas Merchant, sued defendant, Dr. Kring, claiming that Kring discriminated against him on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), Public Accommodations, 42 U.S.C. § 12182, and the Rehabilitation Act ("RHA"), 29 U.S.C. § 794.

(2) Dr. Kring moves for summary judgment on these claims, arguing that (i) Merchant lacks standing to seek injunctive relief under Title III of the ADA because plaintiff has failed to establish a threat of present or future harm, and plaintiff's claim for injunctive relief is based entirely on past harm; (ii) Merchant is not disabled within the meaning of the ADA and the RHA; (iii) defendant did not deny Merchant dental services in violation of the acts; (iv) punitive damages are unavailable under the RHA; and (v) Merchant has failed to establish pretext. We will address these arguments below.

(3) Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, we must examine the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

(4) To establish standing for injunctive relief, the plaintiff must allege that: (i) he or she suffered an injury in fact which is both "concrete and particularized" and "actual or imminent"; (ii) there is a causal connection between the injury alleged and the defendant's conduct; and (iii) "it [is] 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations omitted).

(5) We hold that plaintiff suffered an injury when Dr. Kring allegedly did not treat him and requested that plaintiff submit to an HIV test.

(6) The ADA prohibits the denial of treatment solely due to disability, 42 U.S.C. § 12182(b)(1)(A)(i), as well as the unjustified screening of patients. *Id.* at

(b)(2)(A)(i). Viewing the evidence in the light most favorable to plaintiff, Merchant has sufficiently established a causal connection between the injury suffered and the conduct of defendant. The evidence of record permits an inference that Kring would not treat Merchant on February 9, 1995 because Merchant's HIV status could not be ascertained on that date.

(7) Finally, injunctive relief by this court could remedy the injury. If it is established at trial that defendant discriminated against Merchant in violation of the ADA, the court could fashion an order requiring Dr. Kring to comply with the ADA. *See Abbott v. Bragdon*, 163 F.3d 87 (1st Cir.1998)(affirming the district court's grant of injunctive relief to the plaintiff); *see also D.B. v. Bloom*, 896 F.Supp. 166, 171 (D.N.J.1995)(court ordered dentist to, *inter alia*, cease discrimination against HIV positive patients). In sum, plaintiff has satisfied the standing requirements.

(8) Second, defendant argues that plaintiff's ADA and RHA claims should be dismissed because plaintiff is not disabled within the meaning of the acts.[1] Plaintiff alleges that the disability requirement of both acts is satisfied because Dr. Kring regarded him as disabled. Defendant rejoins that he never regarded Merchant as HIV positive.

(9) The ADA defines disability as, "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102 (emphasis added). The regulations clarify that "[t]he phrase *is regarded as having an impairment* means.... [that the individual] (iii)[h]as none of the impairments described in paragraph (1) of this definition but is treated by a private entity as having such an impairment." 28 C.F.R. § 36.104. Department of Justice comments to the regulations illustrate that:

[i]f a person is refused admittance on the basis of an actual or perceived physical or mental condition, and the public accommodation can articulate no legitimate reason for the refusal (such as failure to meet eligibility criteria), a perceived concern about admitting persons with disabilities could be inferred and the individual would qualify for coverage under the "regarded as" test. A person who is covered because of being regarded as having an impairment is not required to show that the perception is inaccurate ... in order to be admitted to the public accommodation.

28 C.F.R. pt. 36, app. B, § 36.104. Similarly, the RHA defines an individual with a disability as "any person who(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) **is regarded as having such an impairment.**" 29 U.S.C. § 705(20)(B)(emphasis added).

■ (10) The evidence of record permits an inference that Kring perceived Merchant to be HIV positive when he asked Merchant to submit to an HIV test. *See Deane v. Pocono Med. Ctr.,* 142 F.3d 138 (3d Cir.1998)("the EEOC's Regulations and Interpretive Guidance make clear that even an innocent misperception based on nothing more than a simple mistake of fact as to ... the very existence, of an individual's impairment can be sufficient to satisfy the statutory definition of a perceived disability.")(citing 29 C.F.R. pt. 1630, app. § 1630.2(1)). *See also* 28 C.F.R. pt. 36, app. B, § 36.104. We hold that plaintiff has satisfied the burden of showing that he qualifies as an individual with a disability under the ADA and the RHA.

(11) Next, Kring claims that he did not deny dental services to plaintiff. Merchant responds that he "was effectively turned away by Defendant and did not receive the dental treatment that he had

---

1. The substantive standards for determining liability under the ADA and the RHA are the same. *Antol v. Perry*, 82 F.3d 1291, 1299 (3d Cir.1996). Therefore, where appropriate, we will analyze these claims together.

expected to procure[.]" Pl.'s Br. in Resp. to Mot. for Summ. J. at p. 5.

(12) Title III of the ADA prohibits disability discrimination by public accommodations in the "full and equal enjoyment of the goods,· services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(a). More specifically, the ADA proscribes the discriminatory denial of services on the basis of disability. 42 U.S.C. § 12182(b)(1)(A)(i). The ADA also forbids the provision of unequal or different services to individuals with disabilities. *Id.* at (b)(1)(A)(ii) and (iii). Likewise, the RHA provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a).

(13) We hold that there is evidence that Kring effectively denied Merchant dental services on February 9, 1995, when he prescribed an HIV test and exited the examination room without treating plaintiff. Moreover, assuming that Kring did not deny Merchant dental services merely because he prescribed an HIV test, Kring provided Merchant with unequal and/or different services because defendant did not require others to submit to an HIV test. Merchant has produced sufficient evidence of discriminatory treatment to survive summary judgment.

(14) Next, Kring claims that punitive damages are unavailable under the RHA and, in the alternative, that the facts do not warrant such an award.

■ (15) The courts are split on whether punitive damages are available under the RHA. However, more recently, some courts have held that punitive damages are available. *Saylor v. Ridge,* 989 F.Supp. 680, 690 (E.D.Pa.1998)(collecting cases); *Kedra v. Nazareth Hosp.,* 868 F.Supp. 733, 740 (E.D.Pa.1994). This shift in policy to allow punitive damages follows the decision in *Franklin v. Gwinnett County Pub. Schs.,* 503 U.S. 60, 112 S.Ct. 1028, 117

L.Ed.2d 208 (1992). In *Franklin,* the Supreme Court held that compensatory damages are available under Title IX reasoning that "we presume the availability of all remedies unless Congress has expressly indicated otherwise." *Id.* at 66, 112 S.Ct. 1028. Following *Franklin,* many courts have permitted punitive damages claims under the RHA finding no indication that punitive damages are unavailable. *See, e.g., Saylor,* 989 F.Supp. at 690. We agree with those courts which have ·held that punitive damages are available under the RHA. Plaintiff has presented sufficient evidence of intentional and reckless conduct to allow the claim to go forward.

(16) Lastly, Kring alleges that Merchant has failed to offer evidence of pretext. Merchant retorts that evidence of pretext is unnecessary when there is direct evidence of discrimination. We agree.

■ (17) The familiar burden shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), also guides cases under the ADA and RHA. *Olson v. General Elec. Astrospace,* 101 F.3d 947, 951 (3d Cir.1996)(ADA); *Antol v. Perry,* 82 F.3d 1291, 1299 (3d Cir.1996)(RHA). This analytical framework, which allows presumptions based upon circumstantial evidence, was implemented because there is rarely direct evidence of discrimination. *Olson,* 101 F.3d at 955. However, "the *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination." *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985)(citing *Teamsters v. United States,* 431 U.S. 324, 358 n. 44, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977)). Here, there is direct evidence that Merchant's eligibility for treatment on February 9, 1995, depended upon his disability status. Moreover, there is direct evidence that Kring asked Merchant to submit to an ·HIV test although he did not routinely request others to do so. In light of such direct evidence, we hold that Merchant is not required to

establish pretext. Moreover, assuming that the evidence of discrimination is inferential and not direct, there is sufficient evidence of pretext to deny summary judgment. Merchant's expert medical evidence rebuts Dr. Kring's expert medical evidence and demonstrates pretext. Kring's motion for summary judgment on both claims will be denied.

IT IS FURTHER ORDERED that defendant's motion (doc. no. 70) for protective order be and hereby is denied.

IT IS FURTHER ORDERED that defendant's motion (doc. no. 71) for sanctions be and hereby is denied.